**Muse MURIQI, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General,[1] Respondents.**

**No. 04–5196–AG.**

United States Court of Appeals, Second Circuit.

Feb. 27, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft.

Aleksander Milch, New York, New York, for Petitioner.

David L. Huber, U.S. Atty. for the Western District of Kentucky, Monica Wheatley, Asst. U.S. Atty., Louisville, Kentucky, for Respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI, and Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Muse Muriqi, through counsel, petitions for review of the BIA decision affirming the Immigration Judge's ("IJ") opinion pretermitting his application for asylum and denying his application for withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history.

■ Where, as here, the BIA issues an opinion that fully adopts the IJ's decision, this Court reviews the IJ's decision directly. *Chun Gao v. Gonzales,* 424 F.3d 122, 124 (2d Cir.2005). Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B). We therefore may not review the IJ's pretermission of Muriqi's asylum application. Although we retain jurisdiction to review constitutional claims and matters of statutory construction under 8 U.S.C. § 1252(a)(2)(D), *see Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144 (2d Cir.2006), and may review Muriqi's due process claim, we hold that the claim is without merit. Muriqi points to nothing in the record to support his assertion that he was denied a full and fair opportunity to present his claims, nor has he established that the IJ or BIA otherwise deprived him of fundamental fairness.

■ We are not precluded from reviewing the IJ's denial of withholding of removal and relief under the CAT. Because Muriqi's credibility is the only particularized evidence that his "life or freedom would be threatened" upon his return, the IJ properly denied Miriqi relief based on his lack of credibility. We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. U.S. Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005); *Zhou Yun Zhang v. INS,* 386 F.3d 66, 73–79 (2d Cir.2004). Here, substantial evi-

dence supports the IJ's adverse credibility determination, where Muriqi lacked specificity regarding an eight-year period between his alleged arrest as a university student in 1989 and his assertion that his house was raided by the police and army in 1997. When the IJ asked Muriqi what he did during this period, he testified that he did "[n]othing. Just to save my life." After further prompting by the IJ, Muriqi testified that, "I went into the mountain and I moved from one relative to the other. My uncles, my first cousins, I stayed with them." He also indicated that he sometimes helped to take care of his relatives' children and worked at odd jobs.

The eight-year period referenced by the IJ is material to Muriqi's claim because it is framed by the only two instances of mistreatment to which he testified. The IJ reasonably held that Muriqi's testimony lacked credible specificity where he gave only three vague and short descriptions of what he did over eight years. Muriqi's argument that the IJ had ample opportunity to question him fails, because it was his responsibility to prove his eligibility for relief, not the IJ's. *See Islami v. Gonzales,* 412 F.3d 391, 395 (2d Cir.2005).

Next, the IJ did not err in basing the adverse credibility determination in part on Muriqi's failure to provide corroborating documentary evidence, where he did not provide records of his arrest or his university registration. Muriqi's argument that it was improper for the IJ to require corroboration fails because an IJ is not restricted from basing an adverse credibility determination in part on lack of necessary corroboration unless an applicant's testimony is found to be "otherwise credible." *See Zhang v. INS,* 386 F.3d 66, 78 (2d Cir.2004). Here, Muriqi's testimony was not otherwise credible.

Despite any errors the IJ may have made in this case, we find that remand would be futile because the IJ's determination is supported by non-erroneous findings and this Court confidently predicts that the IJ would reach the same decision were the petition remanded. The adverse credibility finding is therefore supported by substantial evidence. *See Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 159–65 (2d Cir.2006); *cf. Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 395, 406 (2d Cir.2005) (stating that the Court will uphold an adverse credibility determination, in spite of errors, if "the adjudicator relied so little on the error-infected aspect of its reasoning, that there is no realistic possibility of a different result on remand, or the evidence so overwhelmingly supports the IJ's finding that, notwithstanding identified errors, there is no realistic possibility of a different result on remand").

Accordingly, Muriqi's petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).